UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JOHN McKEEVER, on behalf of himself and all others            :
similar situated,                                             :   **No.: 26 Civ. 1476 (JMW)**
                                                              :
                              Plaintiff,                      :   **DECLARATION OF**
      - against -                                             :   **GARRETT KASKE IN**
                                                              :   **SUPPORT OF**
  AMERIVENTS CATERING LLC,                                    :   **PLAINTIFF'S REQUEST**
                                                              :   **FOR A CERTIFICATE OF**
                              Defendant.                      :   **DEFAULT**
-------------------------------------------------------------------------X

I, GARRETT KASKE, hereby declare as follows:

1.      I am a partner at the law firm of Kessler Matura, P.C., counsel for Plaintiff, and fully familiar with the facts and circumstances of this matter. I make this declaration pursuant to Rule 55.1 of the Civil Rules for the Eastern District of New York, in support of Plaintiffs' application for the entry of a default judgment against Defendant Amerivents Catering LLC.

2.      This action was commenced pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New York Labor Law ("NYLL"), Article 6, § 190, *et seq*. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

3.      Plaintiffs filed the Class and Collective Action Complaint (ECF No. 1) (the "Complaint") on March 13, 2026. Plaintiff received the issued Summons the same day (ECF No. 4).

4.      The time for the Defendant to answer or otherwise move with respect to the Complaint has expired. Defendant was served on March 18, 2026 at 3:15 p.m. Defendant was served with the Summons and Complaint by Service upon the Secretary of State of New York, pursuant to the New York Limited Liability Company Law. *See* Aff. of Serv. (ECF No. 5).

5. Plaintiff filed the above-referenced affidavits of service on March 27, 2026 (ECF No. 5), stating the time, date, and method of service.

6. As a result, Defendant's time to answer or otherwise move with respect to the Complaint was April 8, 2026.

7. Defendant has not answered or otherwise moved with respect to the Complaint, and the time for the Defendant to answer or otherwise move has not been extended.

8. Defendant is not an infant or incompetent. Defendant is not presently in the military service of the United States as appears from the facts in this litigation. Defendant is a limited liability corporation.

9. Defendant are indebted to Plaintiff, the Collective, and the Class (as defined in paragraphs 9 and 10 of the Complaint) in the following manner:

    a. Defendant employed Hospitality Workers, such as Plaintiff, to work the Ryder Cup at Bethpage Black, in Farmingdale, New York, from September 21, 2025, through September 28, 2025 ("Ryder Cup Workers").

    b. Plaintiff and his fellow Ryder Cup Workers worked in private, catered suites, serving food and drinks to attendees with access to these private areas. The suite customers were charged 20% gratuity on top of the total bill, which was intended as compensation for the Ryder Cup Workers. In violation of the FLSA and NYLL, Defendant failed to pay Ryder Cup Workers their earned tips.

    c. Defendant also offered the Ryder Cup Workers an attendance incentive bonus in which Ryder Cup Workers would receive additional pay for perfect attendance ("Attendance Bonus"). Defendant, however failed to pay and unduly withheld the Attendance Bonus from the Ryder Cup Workers, in violation of Article 6 of NYLL.

2

d. Defendant also did not factor the Attendance Bonuses into the overtime rate calculation. As a result, Defendant did not lawfully provide the Ryder Cup Workers with all their overtime wages in violation of the FLSA and NYLL, Article 19.

e. As a result, Plaintiff, on behalf of himself, the putative Collective, and the putative Class, seek damages equal to the sum of: their unpaid wages, liquidated damages, interest, attorney's fees, and costs.

10. On May 1, 2026, I caused a copy of this Declaration, together with Plaintiff's Request for a Certificate of Default and proposed Certificate of Default, to be served on Defendant via U.S. Mail, first class, postage prepaid, at their last known addresses, pursuant to Local Rule 55.1(a)(4), which is: Amerivents Catering LLC, 1776 Broadway, Suite 1501, New York, NY 10019.

WHEREFORE, Plaintiff request that the default of Defendant Amerivents Catering LLC, be noted and a certificate of default issued.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Melville, New York
      May 1, 2026

Respectfully submitted,

Garrett Kaske

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, New York 11747
(631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

***Attorneys for Plaintiff and the
Putative Class and Collective Actions***

3